UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JONATHAN RUFFIN AND VERNA RUFFIN | : | DOCKET NO. 06-2235 |
| VS. | : | JUDGE TRIMBLE |
| GENERAL INSURANCE CO. OF AMERICA | : | MAGISTRATE JUDGE WILSON |

## ORDER

Before the Court is a "Motion to Dismiss Complaint" (doc. 12) filed by defendant, General Insurance Company of America ("GICA"), wherein the mover seeks to dismiss the Complaint in this matter pursuant to Federal Rule of Civil Procedure 12 because the Plaintiffs, Jonathan and Verna Ruffin, lack standing to bring these claims against GICA. Plaintiffs oppose the motion and assert that there is a factual question as to whether or not the Plaintiffs are additional insureds under the policy.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor.[1] "In order to avoid dismissal for failure

---

[1] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n.* 987 F.2d 278, 284 (5th Cir. 1993); *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[2] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[3] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[4]

Plaintiffs make the following allegations in their Complaint: Plaintiffs own a home in Lake Charles, Louisiana which sustained damage due to Hurricane Rita. Plaintiffs made demand on GICA for payment for repairs made to the home which GICA failed to fully pay. Pursuant to their insurance policy, Plaintiffs also made demand on defendant, Safeco Property and Casualty Insurance Compay, for payment for loss of use of their home. Plaintiffs assert that GICA violated Louisiana Revised Statute 22:658 and 22:1220 and Louisiana Civil Code article 1997 entitling Plaintiffs to penalties, attorney's fees and general and special damages.

GICA maintains that plaintiff-borrowers have no standing under a force-placed policy to bring claims against GICA because Plaintiffs are not parties to the insurance contract with GICA. GICA cites three cases[5] which supports its position that Plaintiffs are neither parties nor third-party beneficiaries to the insurance contract issued by GICA.

As argued by GICA, standing is essential for any plaintiff. If a plaintiff lacks Article III

---

[2] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[3] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[4] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[5] *Harrison, et al v. Safeco Ins. Co. of America, et al*, 2:06-cv-04664 ( E.D. La. 01/26/2007); *Lea v. Balboa*, 1992 WL 74591 (E.D. La 04/09/1992); *Kilson v. American Road Ins. Co.*, 345 So.2d 967, 969 (La.App. 2 Cir. 1977).

standing, then a federal court lacks jurisdiction ho hear the complaint.[6] A plaintiff must show privity of contract with the defendant to have a right to enforcement.[7]

In their opposition, Plaintiffs attach the Affidavit of Jonathan Ruffin wherein Mr. Ruffin states that the mortgage was in favor of Washington Mutual Bank, FA (the "Bank"). The Bank had purchased the mortgage from Home Side Lending, Inc. ("HS Lending").[8] The home was originally insured by the Louisiana Citizens Fair Plain and the premium was paid by HS Lending from the Ruffins' mortgage escrow account. Mr. Ruffin declares that when the Bank purchased the mortgage on the home from HS Lending, it did not pay the 2005 Louisiana Citizens Fair plan renewal premium, but instead placed homeowner's insurance coverage on the home with GICA effective 1/27/05. The GICA provided substantially the same coverage and had a lower premium.

After the Ruffins presented their Hurrican Rita damage claim to GICA, it responded with a letter from its adjuster notifying Mr. Ruffin that the adjuster had been assigned to handle the claim. On December 12, 2005, GICA's adjuster sent the Bank a letter, with a "cc" to Mr. Ruffin which stated, in pertinent part, the following:

> We have received notice of your claim that took place at 305 Deshotel St., Lake Charles, LA 70615. As a result of this loss coverage for your property has been requested under policy number MIH7710731B. This policy was **issued** by General Insurance Company of America **to** Washington Mutual Bank, FA **and to Jonathan Ruffin.** (emphasis added).[9]

---

[6] See *Delta Commercial Fisheries Assoc. v. Gulf of Mexico Fishery Mgmt. Council*, 364 F.3d 269, 272 (5th Cir. 2004).

[7] *State ex. Rel. Guste v. Simoni, Heck & Assoc.*, 297 So.2d 918, 924 (La.App. 1 Cir. 1974).

[8] See Exhibit A attached to Plaintiffs' Memorandum in Opposition.

[9] Exhibit B to Plaintiffs' Memorandum in Opposition.

Plaintiffs assert that at the every least, there is a factual issues as to the actual insurance policy as well as whether or not the Ruffins were named as additional insureds on another document such as a Declaration Sheet.

Both parties have submitted evidence in the form of exhibits. Because matters outside the pleadings are presented and will be considered by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Accordingly,

**IT IS ORDERED** that the parties are given 90 days from the date of this order to conduct additional discovery, submit a statement of material facts, additional summary judgment evidence, and memoranda. Each party will have ten (10) days from service of the statement of material facts, additional evidence and memoranda to file a response.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of July, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE